920 F.2d 927
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Siamak BEHESHTZADEH, a/k/a Mack, Defendant-Appellant.
 No. 90-5348.
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 3, 1990.
Decided Dec. 13, 1990.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Richard B. Kellam, Senior District Judge. (CR-89-101-N)
 Gregory M. Pomije, Cooper & Davis, P.C., Portsmouth, Va., for appellant.
 Henry E. Hudson, United States Attorney, Harvey L. Bryant, III, Assistant United States Attorney, Norfolk, Va., for appellee.
 E.D.Va.
 AFFIRMED.
 Before K.K. HALL, MURNAGHAN and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Siamak Beheshtzadeh was convicted in a bench trial of three counts of acquiring food stamps unlawfully in violation of 7 U.S.G. Sec. 2024(b). He received concurrent sentences of three months on each count and a fine of $2,700. We affirm.
 
 
 2
 On appeal, Beheshtzadeh contends that the district court erred in denying him a downward adjustment for acceptance of responsibility and in treating the loss as exceeding $2,000. Because Beheshtzadeh did not raise these issues before the district court at sentencing, they are waived and will not be considered here. Beheshtzadeh further maintains that he was denied due process in sentencing because the presentence report misled his attorney about the nature of the authorized sentence and thus inhibited his preparation for the sentencing hearing. The presentence report stated that probation was authorized for the applicable sentencing range (1-7 months) but did not explain that, under U.S.S.G. Sec. 5B1.1(a)(2), it could only be imposed for that range with a condition requiring intermittent confinement, community confinement or home detention. We do not find that this constituted a violation of due process.
 
 
 3
 Beheshtzadeh also argues that the district court erred in finding that he was not entrapped by the government agent who sold him the food stamps. A defendant who asserts that he was entrapped must present evidence that the government induced him to commit the offense charged. United States v. Akinseye, 802 F.2d 740 (4th Cir.1986), cert. denied, 482 U.S. 916 (1987). Even if the crime was committed at the government's suggestion, the defense will not succeed if there is evidence that the defendant was predisposed to commit the crime, and the government has simply presented him with an opportunity to which he readily responded. United States v. Hunt, 749 F.2d 1078 (4th Cir.1984), cert. denied, 472 U.S. 1018 (1985).
 
 
 4
 Here, recorded conversations between the agent and the defendant introduced at trial disclose that as soon as the agent mentioned that he had some food stamps Beheshtzadeh asked how much he wanted for them. He bought stamps on several occasions, complained that one batch was too old and thus likely to raise suspicions, and said he was willing to go to Philadelphia to get stamps at a lower price from the agent's supposed source. Because the evidence of predisposition was clear, the district court did not err in finding that Beheshtzadeh was not entrapped.
 
 
 5
 The conviction and sentence are therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 6
 AFFIRMED.